[38 NYS3d 537]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN
ROBINSON, Appellant.

First Department, September 29, 2016

## APPEARANCES OF COUNSEL

*Center for Appellate Litigation*, New York City (*Robert S. Dean* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Hilary Hassler* of counsel), for respondent.

## OPINION OF THE COURT

KAPNICK, J.

On this appeal, defendant contends that the court failed to follow the mandates of CPL 310.30 in responding to notes from the jury, that the verdict was against the weight of the evidence, and that his sentence was excessive. Relevant here are the fourth and fifth jury notes (court exhibits IV and V respectively). The fourth note asked as follows: "Officer Suzanno [sic] testimony—Was Mr. Robinson found with a bag?—If so, where/when was the bag searched?—What denominations of $ was the $32 made of?—What was in the bag?" The fifth note asked the following questions: "What are the requirements for conviction?—Does everything have to be unanimous?—If we are hung on a charge, what happens?"

The trial court responded to these notes as follows:

> "Jurors, we are in receipt of your last two notes which you requested the read back [sic] of Officer Susana's testimony. So the reporter is prepared to read back the entire testimony.

> "You also asked various questions about a bag. The parties believe that the best way to answer those questions are through read back [sic] of Officer Ward's testimony, which they have isolated and will be read back to you.

> "As far as what the denomination of the money, of the $32 was made of [sic], the parties agree there

was no testimony about the denomination. However, the money was put in evidence, so you can look at it. So that's how we will deal with that. So let's deal with this. The reporter will now read back that testimony."

After the reporter completed the readback, the trial court continued:

"In your second request[,] you asked a number of questions in your second inquiry: What are the requirements of conviction? As I said, I gave you the elements of each crime. Those elements must be proven beyond a reasonable doubt. Yes, every verdict has to be unanimous. All 12 of you have to agree as to what that verdict is.

"And your last question about hang. It's too early to tell you about that now, so I'm going to ask you to continue your deliberations."

It is well settled that "CPL 310.30 requires a trial court to provide 'notice to both the people and counsel for the defendant' of a substantive jury inquiry" (*People v Nealon*, 26 NY3d 152, 155-156 [2015], citing *People v O'Rama*, 78 NY2d 270, 277 [1991]). The trial court has a "core responsibility under the statute . . . both to give meaningful notice to counsel of the specific content of the jurors' request—in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response—and to provide a meaningful response to the jury" (*People v Kisoon*, 8 NY3d 129, 134 [2007]; *O'Rama*, 78 NY2d at 277). In *O'Rama*, the Court of Appeals held that, in most cases, the meaningful notice requirement is best served by the procedure set forth in *United States v Ronder* (639 F2d 931 [2d Cir 1981]):

"Under this procedure, jurors' inquiries must generally be submitted in writing, since . . . written communications are the surest method for affording the court and counsel an adequate opportunity to confer. Further, whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel. Such a step would ensure a clear and complete record, thereby facilitating adequate and fair appellate review. After the

contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses. As the court noted in *Ronder*, the trial court should ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate *before* the jury is exposed to the potentially harmful information. Finally, when the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry and, in cases where the communication was sent by an individual juror, the rest of the jury panel can appreciate the purpose of the court's response and the context in which it is being made" (*O'Rama*, 78 NY2d at 277-278 [citation omitted]).

In *O'Rama*, the Court determined, and it is now well settled, that a trial court's duty, imposed by CPL 310.30, to provide notice of a substantive jury inquiry can only be properly discharged by providing "meaningful notice," which means "notice of the actual specific content of the jurors' request" (*O'Rama*, 78 NY2d at 277). Moreover, as recently reiterated by the Court of Appeals, "A trial court's failure to fulfill its first responsibility—meaningful notice to counsel—falls within the narrow class of mode of proceedings errors for which preservation is not required" (*People v Mack*, 27 NY3d 534, 536 [2016]). A trial court cannot "satisfy its responsibility to provide counsel with meaningful notice of a substantive jury inquiry by summarizing the substance of the note" (*Nealon*, 26 NY3d at 156, citing *O'Rama*, 78 NY2d at 275, 278-279). This is because "counsel cannot participate effectively or adequately protect the defendant's rights if this specific information is not given" (*O'Rama*, 78 NY2d at 277). As a result, the requirement to give "meaningful notice" cannot be satisfied "when counsel is not afforded a verbatim account of a juror's communication" (*id.* at 279; *People v Walston*, 23 NY3d 986, 990 [2014] [trial court failed to give meaningful notice of a jury note when it paraphrased the note for counsel and the jury, each time omitting any reference to the note's inclusion of the word "intent," which was a crucial element of the homicide counts]; *People v Kisoon*, 8 NY3d at 135 [holding that the "failure to read the note(,) (which reported the status of the deliberations,) verbatim deprived counsel of the opportunity to accurately

analyze the jury's deliberations and frame intelligent suggestions for the court's response"]).

Defendant argues that the record is clear that the court violated *O'Rama* by failing to read either note into the record in the presence of counsel prior to recalling the jury into the courtroom, to afford counsel an opportunity to suggest responses, to advise counsel of its suggested responses, or, when the jury was returned to the courtroom, to read either note into the record before responding to the notes. Defendant contends that under these circumstances, a mode of proceedings error occurred and reversal is warranted, notwithstanding lack of preservation and without regard to harmless error analysis.

The People concede that the trial Justice "neglected to make a contemporaneous record that he had shared the contents of the notes with the parties and provided each with an opportunity to offer input." However, they contend that the response to the jury expressly states that the parties had agreed on the appropriate response, indicating that the court did indeed discuss the notes with counsel off the record.* Based on this, the People argue that preservation is required.

"Where a trial transcript does not show compliance with *O'Rama*'s procedure as required by law, we cannot assume that the omission was remedied at an off-the-record conference that the transcript does not refer to" (*Walston*, 23 NY3d at 990). Here, the court's response to the jury regarding the fourth note does include a limited reference to how the "parties" wished to respond to the jury's request, suggesting that an off-the-record conference may have occurred with respect to the fourth note. Even assuming, without deciding, that this reference would suffice to remedy the *O'Rama* violation with respect to the fourth note, there is no such reference to the parties' agreement in the trial court's response to the jury regarding the fifth note. Therefore, the court's handling of the fifth note constitutes a clear departure from the *O'Rama* procedure and a mode of proceedings error for which preservation is not required (*cf. Mack*, 27 NY3d at 537 [holding that trial court's failure to respond to jury's substantive inquiries, which counsel had meaningful notice of, prior to accepting the jury's verdict, does not fall within the tightly circumscribed class of mode of

---

* The transcript, however, does not reflect that prior to responding to the fourth and fifth notes, the court reconvened the parties outside of the jury's presence and read the notes.

proceedings errors for which preservation is not required]). In light of this holding, we need not reach defendant's remaining arguments, except that we find that the verdict was not against the weight of the evidence.

Accordingly, the judgment of the Supreme Court, New York County (Gregory Carro, J.), rendered April 3, 2014, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of seven years, should be reversed, on the law, and the matter remanded for a new trial.

TOM, J.P., FRIEDMAN, RICHTER and GESMER, JJ., concur.

Judgment, Supreme Court, New York County, rendered April 3, 2014, reversed, on the law, and the matter remanded for a new trial.