(January 10, 2017)

■ The People of the State of New York, Respondent, v Deron Boone, Appellant. [46 NYS3d 520]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 14, 2011, convicting defendant, after a jury trial, of assault in the third degree, and sentencing him to a term of nine months, and judgment, same court (Richard D. Carruthers, J., at expert witness application; Juan M. Merchan, J., at jury trial and sentencing), rendered November 6, 2013, as amended November 21, 2013, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 14 years, unanimously affirmed.

We first address the motion court's denial of defendant's application to admit expert testimony with respect to false confessions. We agree with the motion court's conclusion, after reargument, that defendant was entitled neither to present the testimony of a false confessions expert at trial nor to test the issue at a *Frye* hearing. However, our agreement with this result is based on a different interpretation of *People v Bedessie* (19 NY3d 147, 161 [2012]).* It is important to clarify our interpretation of *Bedessie*'s scope because of the evolving law on false confessions.

---

* When a trial or motion court's decision involves a "single multipronged legal ruling," an appellate court may affirm on an alternate theory of the multipronged analysis (*People v Garrett*, 23 NY3d 878, 885 n 2 [2014]). Here, we analyze defendant's application under *Bedessie*, just as the motion court did, but, we affirm its decision based on a different reading of *Bedessie*.

In addressing the admissibility of expert testimony on false confessions in *Bedessie*, the Court of Appeals explained that an expert could testify about either dispositional or situational factors (*see Bedessie*, 19 NY3d at 161). Dispositional factors arise where a defendant's personality or psychological makeup could make him or her particularly susceptible to confessing falsely (*id.* at 159). Situational factors may be present when the interrogation is conducted in a way that might induce a defendant to make a false confession (*id.*). Regardless of whether the expert would testify about disposititonal or situational factors, the Court of Appeals emphasized that a proffer must show that the expert's testimony was "relevant to the defendant and interrogation before the court" (*id.* at 161). Since the defendant failed to show that the proposed expert testimony in *Bedessie* was relevant to the "defendant *or* her interrogation," the Court of Appeals affirmed the denial of her application (*id.* at 149 [emphasis added]).

In this case, defendant moved to admit the testimony of an expert on false confessions. The motion court granted the motion to the extent of ordering a *Frye* hearing.

Defense counsel then advised the People that she would only introduce evidence as to situational factors, not dispositional factors. The People moved to reargue the court's order. The motion court granted reargument, and, upon reargument, denied defendant's motion, and refused to either admit the evidence or to hold a *Frye* hearing. It held that this result flowed from *Bedessie*, which it held required that a proposed expert's testimony must address both dispositional and situational factors in order to be admissible.

We do not interpret *Bedessie* this way. In *Bedessie*, the Court of Appeals rejected the defendant's proposed expert testimony because it was not specific to the case before it; the court did not mandate that the proposed expert must address both dispositional and situational factors.

As this Court has previously held, a motion to admit expert testimony on false confessions is properly denied when "defendant's motion papers, which contained no expert affidavit, did not establish that the proposed expert's testimony would be relevant to the defendant and interrogation before the court" (*People v Roman*, 125 AD3d 515, 515 [1st Dept 2015] [internal quotation marks omitted], *lv denied* 26 NY3d 1091 [2015]). In this case, defendant has not shown that the proposed expert testimony would be addressed to the circumstances of this defendant's interrogation. Therefore, we agree with the denial of defendant's motion.

The trial court properly exercised its discretion in denying defendant's request to impeach the interrogating detective by way of his Facebook posts that assertedly demonstrated his implicit bias against defendant. These posts had no connection or applicability to defendant or any racial or economic group to which he belonged. Defendant's interpretation of the alleged subtexts of these posts was speculative and too remote from the issue of bias to be admissible (*see People v Thomas*, 46 NY2d 100, 105-106 [1978], *appeal dismissed* 444 US 891 [1979]). Accordingly, there was no violation of defendant's right to cross-examine witnesses.

The court, which thoroughly instructed the jury on the issue of the voluntariness of defendant's confession, did not err in refusing to include a charge on attenuation of a confession from a previous one that lacked *Miranda* warnings (*see People v Rabady*, 28 AD3d 794, 795 [2d Dept 2006], *lv denied* 7 NY3d 761 [2006]; *People v Smith*, 209 AD2d 1005, 1006 [4th Dept 1994], *lv denied* 85 NY2d 866 [1995]). Regardless of whether an attenuation instruction might be appropriate in some cases, it was not warranted on the facts of this case, and its absence was harmless in any event.

The court's interested witness charge, which followed the Criminal Jury Instructions, was not constitutionally deficient (*see People v Davis*, 127 AD3d 614, 615 [1st Dept 2015], *lv denied* 26 NY3d 928 [2015]; *People v Blake*, 39 AD3d 402, 403 [1st Dept 2007], *lv denied* 9 NY3d 873 [2007]). With appropriate limitations, as here, a defendant's particular interest in the outcome of a case is "a matter properly to be suggested by the court to the jury" (*Reagan v United States*, 157 US 301, 305 [1895]).

Defendant's retrial on the weapon possession count following a mistrial due to a deadlocked jury did not violate his federal or state constitutional rights against double jeopardy, regardless of the legal sufficiency of the evidence at the first trial (*see Richardson v United States*, 468 US 317, 323-326 [1984]). In any event, the evidence at the first trial was legally sufficient.

We reject defendant's argument that the verdict at his first trial, convicting him of third-degree assault, was against the weight of the evidence (*see People v Chiddick*, 8 NY3d 445, 447 [2007]).

Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714

[1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant's remaining pro se claims are without merit. Concur— Acosta, J.P., Richter, Mazzarelli, Kapnick and Gesmer, JJ.