■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON DIAZ, Appellant. [56 NYS3d 40]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J., at suppression hearing; Ronald A. Zweibel, J., at jury trial and sentencing), rendered April 4, 2013, convicting defendant of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The record does not reflect that the court read or showed a jury note to the parties or afforded them an opportunity to provide input before the court responded to the note, and it cannot be presumed that the court complied with CPL 310.30 in a preceding off-the-record conference (*see People v Silva*, 24 NY3d 294, 299-300 [2014]; *People v Walston*, 23 NY3d 986, 990 [2014]). Although defendant's challenge to the court's handling of the note is concededly unpreserved, the court failed to comply with the core requirements of *People v O'Rama* ('78 NY2d 270 [1991]), which constitutes a mode of proceedings error requiring reversal (*see id.* at 279-280; *see also People v Tabb*, 13 NY3d

852 [2009]; *People v Robinson*, 144 AD3d 40 [1st Dept 2016]). Since the note, along with all other jury notes in this case, have been lost, it is impossible to determine whether the court read the note verbatim in court when it gave its supplemental instruction. Moreover, the phrasing of the court's description of the note is consistent with it having been a paraphrase or summary of the note. Therefore, the preservation requirement set forth in *People v Nealon* (26 NY3d 152, 154 [2015]) does not apply.

Since we are remanding for a new trial, we find it unnecessary to consider defendant's remaining arguments, except that we find that defendant's suppression motion was properly denied (*see e.g. People v Montague*, 175 AD2d 54 [1st Dept 1991]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.