THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROBINSON, Appellant. [63 NYS3d 310]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 17, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of seven years, unanimously modi-

fied, on the law, to the extent of vacating the possession conviction and remanding for a new trial on that count if the People be so advised, and vacating the sentence on the sale conviction and remanding for resentencing on that conviction, and otherwise affirmed.

The court erred in precluding defense counsel from questioning a detective about the factual allegations in a pending federal civil lawsuit, in which the detective was a named defendant. Specifically, counsel sought to ask the arresting detective "whether he in fact found the drugs on [the plaintiff in that case]; isn't it true that [the plaintiff] did not in fact have any drugs, nonetheless you still in fact arrested him." These allegations were relevant to the detective's credibility, and counsel laid the correct foundation for this form of impeachment (*see People v Smith*, 27 NY3d 652 [2016]).

This error was not harmless with respect to the possession conviction, because this detective was the sole witness to testify to the circumstances of that charge, in which 17 bags of cocaine were allegedly found on defendant's person during a strip search. However, the error was harmless with respect to the sale conviction (*see People v Crimmins*, 36 NY2d 230 [1975]), which was supported by overwhelming evidence, including the testimony of the primary undercover officer and evidence found on defendant's cell phone. Although the detective at issue testified to the recovery of prerecorded buy money from defendant and provided other corroborating evidence regarding the sale charge, the evidence supporting that conviction was already overwhelming without the arresting detective's testimony. Furthermore, we find no spillover effect on the sale charge from the possession charge, which involved separate facts (*see People v Doshi*, 93 NY2d 499, 505 [1999]).

Defendant's argument concerning his desire to impeach the detective regarding 11 other pending federal actions in which he was a named defendant is unreviewable for lack of a sufficient record. In any event, we find it unnecessary to reach the issue of the other 11 lawsuits.

The fact that defendant was impeached by way of the existence (but not the facts) of a prior conviction that was pending on appeal at the time of this trial and was subsequently reversed (144 AD3d 40 [1st Dept 2016]) does not entitle defendant to a new trial on the instant sale conviction. The use of a subsequently invalidated conviction for impeachment purposes compels reversal only if it "might well have influenced the outcome of the case" (*Loper v Beto*, 405 US 473, 480 [1972]). Here, we find no reasonable possibility that the jury would

have acquitted if not for the impeachment with the later-reversed conviction (*see People v Hall*, 18 NY3d 122, 132 [2011]).

However, since the court expressly considered the later-reversed conviction in imposing sentence, defendant should be resentenced on the sale conviction. Concur—Tom, J.P., Renwick, Andrias, Singh and Moulton, JJ.