■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GIACCHI, Appellant. [61 NYS3d 895]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered April 2, 2015, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree (three counts) and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

Defendant did not preserve his claim that the court failed to apprehend and exercise its discretion to depart from a promised sentence (*see People v McHale*, 165 AD2d 800 [1st Dept 1990], *lv denied* 76 NY2d 1023 [1990]). While defendant characterizes his claim as one of unlawful sentencing, he is essentially arguing that a substantively lawful sentence was imposed by way of a defective procedure, and such claims require preservation (*People v Samms*, 95 NY2d 52, 58 [2000]). As a result of the lack of preservation, the court was never called upon to clarify its statement as to sentence, which is subject to several interpretations. We decline to review this argument in the interest of justice.

As an alternative holding, we find that to the extent the court may be viewed as expressing an erroneous belief that it lacked sentencing discretion after defendant's negotiated plea, remand for resentencing is unwarranted because the record fails to indicate any possible harm flowing from the court's alleged error, such as an indication of reservation about the fairness of the sentence to be imposed (*see People v Farrar*, 52 NY2d 302, 305 [1981]; *People v Diaz*, 304 AD2d 468 [1st Dept 2003], *lv denied* 100 NY2d 561 [2003]).

We do not find that defendant made a valid waiver of his right to appeal. In any event, we perceive no basis for reducing his sentence. Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.