■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR WATSON, Appellant. [64 NYS3d 544]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered January 8, 2016, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal, which forecloses his claims that the sentence court misperceived its discretion, and that the sentence was excessive. The oral colloquy, in which the court separated the right to appeal from the rights automatically given up by pleading guilty, along with the written waiver, satisfied the requirements for a valid waiver (*see People v Bryant*, 28 NY3d 1094 [2016]).

Regardless of whether defendant made a valid waiver of his right to appeal, he failed to preserve his claim that the court failed to exercise its sentencing discretion (*see People v Fishman*, 14 AD3d 411 [1st Dept 2005], *lv denied* 4 NY3d 853 [2005]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Even if the court mistakenly believed that it had no discretion to impose a lower sentence than called for under the plea agreement, there would be no need to remand for resentencing because the court expressed no reservations about that sentence (*see id.*). On the contrary, the court stated that it was not "inclined" to impose a lower sentence in any event.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Friedman, Andrias and Gesmer, JJ.