People v Acevedo (2018 NY Slip Op 00457)





People v Acevedo


2018 NY Slip Op 00457


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


5536 728/15

[*1]The People of the State of New York, Respondent,
v
Hector Acevedo, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Eve Kessler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Oliver McDonald of counsel), for respondent.



Judgment, Supreme Court, New York County (Larry R.C. Stephen, J.), rendered July 1, 2015, convicting defendant, upon his plea of guilty, of criminal contempt in the first degree and assault in the third degree, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [2016]). This waiver forecloses defendant's claims that the sentencing court misperceived its discretion and that the sentence was excessive (see People v Watson, 155 AD3d 553 [1st Dept 2017]).
Regardless of whether defendant made a valid waiver of his right to appeal, he did not preserve his claim that the court failed to apprehend and exercise its discretion to depart from the sentence promised in the plea agreement (see id.). "While defendant characterizes his claim as one of unlawful sentencing, he is essentially arguing that a substantively lawful sentence was imposed by way of a defective procedure, and such claims require preservation. As a result of the lack of preservation, the court was never called upon to clarify its statement as to sentence" (People v Giacchi, 154 AD3d 544, 545 [1st Dept 2017] [citation omitted]). We decline to review this unpreserved claim in the interest of justice.
As an alternative holding, we find that even if the court may have misstated the extent of its discretion, "remand for resentencing is unwarranted because the record fails to indicate any possible harm flowing from the court's alleged error, such as an indication of reservation about the fairness of the sentence to be imposed" (id.).
We also perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK