People v Holmes (2018 NY Slip Op 06055)





People v Holmes


2018 NY Slip Op 06055


Decided on September 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 13, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5589 3846/14

[*1]The People of the State of New York, Respondent, 
v Thomas Holmes, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anokhi A. Shah of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Appeal from a judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered on or about March 16, 2016, convicting defendant of two counts of burglary in the second degree, and sentencing him to concurrent terms of 3½ years, with five years postrelease supervision, held in abeyance, and the case remanded for consideration of defendant's claim that the court erroneously believed that five years was the minimum term of postrelease supervision that it could impose.
In this case, the minimum period of postrelease supervision (PRS) that the sentencing court could have imposed was 2 ½ years. However, a review of the record raises the concern that the sentencing court was under the erroneous impression that it was required to impose a five-year term of PRS. Thus, it appears that the court was unaware that it could impose a lower term.
At the time of defendant's plea, the court, counsel, and the prosecution believed defendant was a predicate felony offender. The plea offer contained the mandatory five-year term of PRS for a second felony offender convicted of a first violent felony offense (see Penal Law §§ 70.00[6], 70.45[2][f]). At sentencing, however, when defense counsel stated that defendant was not, in fact, a predicate felon, the sentencing court asked whether defendant's status as a first felony offender "change[d] our circumstances." Defense counsel responded, "I think the minimum is still three and a half." The court later asked, "Is there any reason that I should not impose the sentence of three-and- one-half years plus five years of post-release supervision?" Defense counsel replied, "Even if it was not quote unquote agreed upon, that would have been the best Your Honor could have given." As indicated, the defense counsel's statement was correct as to the prison term, but not as to the period of PRS. Nevertheless, the court replied, "I believe so." Thus, it appears that the court and the parties incorrectly believed that the statutory minimum sentence for a second-felony offender was a 3 ½ year prison term and five years post-release supervision, when in fact the minimum sentence was 3 ½ years followed by PRS of 2 ½ years (see Penal Law § 70.45(2)).
Contrary to the dissent's assertions, the record indicates possible harm flowing from the court's erroneous belief. Although the sentencing court did not expressly state that it wanted to impose the minimum sentence of PRS, this outcome was still a reasonable possibility in this case. Indeed, the original plea that presumed that defendant was a predicate did not give the court any discretion with regard to PRS, since it required a mandatory five-year term of PRS for a predicate felony offender. Yet, when the court questioned counsel about whether defendant's nonpredicate status would change the circumstances, the court's question did not express any unwillingness to consider a lesser period of PRS than the one originally agreed upon, if allowed under the law. Thus, it is unclear how long a term of PRS the court would have imposed if it had known that it had the discretion as to the PRS term (cf. People v Rivera, 154 AD2d 309 [1st Dept 1989], lv denied 75 NY2d 775 [1989]).
The dissent completely mischaracterizes the majority's position as being "based on the false premise that somehow defendant was to receive the statutory . . . minimum PRS for his plea of guilty." What the dissent glosses over is that the original plea offer was based on the erroneous belief that defendant was a predicate felon. Because of this erroneous assumption of defendant's predicate felony status, the guilty plea required a mandatory term of PRS of five years. Under these circumstances, the lack of "any mention of defendant receiving the minimum PRS," could have been attributed to the shared misunderstanding, among the court and the attorneys, that the plea offer required a mandatory term of PRS of five years, despite the fact that defendant was not a predicate felon.
For the foregoing reasons, we find that defendant is entitled to a remand for the sole purpose of reconsideration of the length of the term of postrelease supervision (id.; see also People v Reynolds, 57 AD3d 336 [1st Dept 2008], lv denied 12 NY3d 787 [2009]; People v Stanley, 309 AD2d 1254 [4th Dept 2003]).
All concur except Tom, J. who dissents in a memorandum as follows:




TOM, J. (dissenting)


I respectfully dissent from the majority's determination to reach defendant's unpreserved challenge to his term of postrelease supervision in the interest of justice, and to remand the matter for a hearing. There is no basis to reach the challenge in the interest of justice, and remanding the matter for reconsideration for no legal or apparent reason would be a waste of judicial resources in our current busy Criminal Court.
In 2014, defendant Thomas Holmes was charged with two counts of burglary in the second degree, four counts of criminal possession of stolen property in the fifth degree, and one count of menacing in the second degree, based upon allegations that he unlawfully entered two different hospitals, stole cell phones and wallets from patients and staff members, and tried to intimidate a security officer with a toy handgun.
At a hearing on February 24, 2016, defendant pleaded guilty to two counts of burglary in the second degree, in exchange for concurrent prison terms of 3 1/2 years, followed by five years of PRS, in full satisfaction of the indictment.
On appeal, defendant contends, and the majority agrees, that the sentencing proceedings were defective to the extent the parties and the court purportedly mistakenly believed and agreed that five years of PRS was the statutory minimum, and that the sentencing court may not have realized it had discretion to impose a lesser term of PRS. There is nothing in the record to support this proposition. Further, defendant's five-year term of PRS was lawful (Penal Law § 70.45[2][f]), and he is not claiming that the court exceeded its sentencing authority.
The majority's position is based on the false premise that somehow defendant was to receive the statutory minimum prison sentence and the minimum PRS for his plea of guilty to two counts of burglary in the second degree, and that the court was confused as to the minimum PRS it could have imposed.
The record reflects that on February 24, 2016, the court asked the People whether they were ready and the prosecutor responded that "on the last date the People recommended three-and-a-half years with five years postrelease supervision, and said that we wouldn't recommend it again" and that within a day or so, counsel called and said defendant was interested in the plea offer. After defendant confirmed his acceptance of the plea, the court asked whether defendant was a predicate and was informed that he was. The court then formally allocuted defendant and adjourned the matter for sentencing on March 12, 2016.
At no time during the plea proceeding was there any discussion of defendant receiving the minimum PRS or a mandatory term of PRS. The plea offer of 3 1/2 years, followed by five years of PRS, was made by the People without any reference to whether defendant was a predicate felon or not. The majority's assertion "that the original plea offer was based on the erroneous belief that defendant was a predicate felon" is pure speculation without any support in the record.
The majority's position that because there was confusion as to defendant's predicate status, the court misapprehended the minimum PRS it could have imposed on defendant has no [*2]support in the hearing minutes and is based on pure speculation. Nowhere does the record reflect that the court wished to impose the minimum PRS for defendant.
At the sentencing proceeding held on March 12, 2016, counsel informed the court that defendant was not a predicate felon and the following is the entire colloquy regarding these issues that took place.
"The Court: People, Do you have a predicate statement?
"Counsel: Turns out he is not a predicate, that is what Mr. Lynch told me earlier today.
"The People: We agree, Judge, he is not a predicate.
"The Court: Doesn't that change our circumstances?
"Counsel: I was wondering about that, but I think the minimum is still three and a half.
"The Court: This is a burglary two, right?
"Counsel: Yes.
"The People: A "C" violent [offense].
"The Court: So it is what it is.
"Counsel: Yes, it is what it is.
"The Court: Is there any reason that I should not impose the sentence of three and a half plus five years post release supervision?
"Counsel: Even if it was not quote-unquote agreed upon, that would have been the best Your Honor could have given.
"The Court: I believe so.
"Counsel: So there is no reason to delay this."
It is clear that the court's question concerning whether defendant's corrected predicate status would "change our circumstances" was to simply make sure the defendant's plea was still within and not outside the statutory range of defendant's sentence as a non-predicate felon. Counsel replied in the negative and stated that the statutory minimum was still 3 1/2 years, as agreed to at the plea hearing. In so informing the court, counsel was obviously referring to the prison sentence, and not the agreed upon five-year term of PRS. The court and counsel then agreed that "it is what it is," and the court inquired whether there was any reason why it should not impose a term of 3 1/2 years, followed by five years of PRS. Counsel replied that "that was the best [the court] could have given," and the court stated that it believed that to be true.
Read in context, this comment by counsel also referred to the statutory minimum 3 1/2 year prison sentence, and it is submitted that the court's cursory agreement with counsel on that point, standing alone, does not show that it clearly misapprehended its discretion with regard to PRS. Simply, once the court ascertained that the sentence comported with defendant's non-predicate status it sentenced defendant pursuant to the terms of the plea agreement. Indeed, particularly in light of the lack of a promise or an agreement of a minimum term or mandatory term of PRS at the plea proceedings, the majority's skewed reading of the sentencing minutes to raise a nonexisting issue is unavailing and without merit.
The majority also assumes that because a five year term of PRS is mandatory for a second felony offender convicted of a first violent offense the court incorrectly believed such term of [*3]PRS was the minimum it could give. In this regard, the majority notes that the original plea offer presumed that defendant was a predicate felon. Once again, nothing in the record supports this theory. The court never expressed that it was constrained with regard to PRS, and never mentioned either a mandatory or minimum PRS term. Simply, the People made a plea offer of concurrent prison terms of 3 1/2 years with five years PRS which was accepted by defendant and the court finalized the plea agreement between the parties. As noted, had the issue of PRS been a serious concern, counsel could have raised it at sentencing. The fact that counsel did not do so speaks volumes and belies the majority's theory that the court was confused or unaware it could impose a lesser term of PRS.
Moreover, as the majority must concede, defendant's argument that the sentencing court failed to apprehend and exercise its discretion to impose a lesser term of postrelease supervision is unpreserved (see People v Giacchi, 154 AD3d 544, 545 [1st Dept 2017], lv denied 30 NY3d 1105 [2018]). Defendant failed to raise this claim before the sentencing court, and, contrary to his argument, his claim is subject to the preservation rule (People v Giacchi, 154 AD3d at 545 ["[d]efendant did not preserve his claim that the court failed to apprehend and exercise its discretion to depart from a promised sentence. . . . While defendant characterizes his claim as one of unlawful sentencing, he is essentially arguing that a substantively lawful sentence was imposed by way of a defective procedure, and such claims require preservation"]).
The majority would reach defendant's claim in the interest of justice. However, in order to exercise our interest of justice jurisdiction, there must exist "special circumstances deserving of recognition" (People v Chambers, 123 AD2d 270, 270 [1st Dept 1986]). In other words, this Court will not exercise its interest of justice jurisdiction absent "extraordinary circumstances" (People v Marshall, 106 AD3d 1, 11 [1st Dept 2013][internal quotation marks omitted], lv denied 21 NY3d 1006 [2013]). Here, there are no extraordinary or special circumstances regarding defendant or regarding the fairness of the plea and sentencing proceedings that warrant our exercise of interest of justice jurisdiction.
Moreover, as we noted in Giacchi, "As a result of the lack of preservation, the court was never called upon to clarify its statement as to sentence, which is subject to several interpretations" (154 AD3d at 545). Here, too, the burden was on defendant to bring the issue to the court's attention and this Court should not review the claim in the interest of justice. In any event, the record does not demonstrate that the sentencing court misapprehended its discretion with regard to the term of PRS.
As in Giacchi, to the extent the court may be viewed as expressing an erroneous belief that it lacked sentencing discretion, "remand for resentencing is unwarranted because the record fails to indicate any possible harm flowing from the court's alleged error, such as an indication of reservation about the fairness of the sentence to be imposed (see Giacchi, 154 AD3d at 545, citing People v Farrar, 52 NY2d 302, 305 [1981] [court expressed concern about appropriateness of sentence but failed to exercise discretion]). At no point did the sentencing court express any reservations about the term of PRS it was imposing. Nor is there any indication that the court was unaware it could have imposed a term of PRS as little as 2½ years.
Unlike this case, in People v Rodriguez (147 AD3d 648 [1st Dept 2017]), where we found a remand for consideration of the term of PRS warranted, the court, in offering the defendant a sentence of five years of incarceration and five years of post-release supervision, remarked that it was "constrained by the statutes" and "can't give you anything that's less than five years incarceration and five years post release supervision." The court emphasized, "As a matter of law, that is the very [] least that I can give you." It is only where such error regarding the court's discretion is clear from the record that a remand is called for. No such error is evident here.
Similarly, in People v Reynolds (57 AD3d 336 [1st Dept 2008], lv denied 12 NY3d 787 [2009]), relied upon by the majority, the court erroneously characterized the five-year period of PRS it imposed as "mandatory," and it may not have realized that it had the discretion to impose a postrelease supervision term of as little as 2½ years. The same is true of People v Stanley (309 AD2d 1254 [4th Dept 2003]), also cited by the majority. There the court stated that "it was not [its]" place to address defendant's request for a period of postrelease supervision of less than five [*4]years, thereby indicating the court's misapprehension that it had no ability to exercise its discretion in determining whether to impose a shorter period of postrelease supervision" (309 AD2d at 1255 [internal quotation marks omitted]). However, no such clearly erroneous statements are present on this record.
Moreover, it is submitted that the circumstances of this case demonstrate defendant's need for a five year term of PRS. Indeed, PRS is intended, in part, to assist offenders' reintegration into society, assist with housing and employment, and foster rehabilitation and drug treatment. Defendant - who was 47 years old when convicted - concedes that he began using cocaine and heroin at age 19, and that throughout his life, his
drug use led to "repeated involvement with the criminal justice system." In fact, defendant states that he stole items from the two hospitals in order to support a $200-per-day heroin addiction. In light of defendant's admitted inability to remain drug-free and obey the law, it was appropriate to impose a longer term of PRS to help defendant with drug rehabilitation and reintegration into his community. There is no basis to reduce such term. In sum, defendant's procedural challenge to his lawful term of PRS is unpreserved, there is no basis to review it in the interest of justice, and, furthermore, defendant has not shown that a remand is warranted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 13, 2018
CLERK