People v Diaby (2019 NY Slip Op 03660)





People v Diaby


2019 NY Slip Op 03660


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


104/16 9244A 1839/16 9244

[*1] The People of the State of New York, Respondent,
v
Mohamed Diaby, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgments, Supreme Court, New York County (Ellen N. Biben, J.), rendered June 13, 2017, as amended July 5, 2017, convicting defendant, upon his pleas of guilty, of robbery in the first degree and attempted robbery in the second degree, and sentencing him to consecutive terms of five years and two years, respectively, unanimously affirmed.
Defendant did not preserve his claim that the court misapprehended whether it had discretion to impose concurrent sentences (see e.g. People v Hamlet, 227 AD2d 203 [1st Dept 1996], lv denied 88 NY2d 1021 [1996]), and we decline to review it in the interest of justice. "While defendant characterizes his claim as one of unlawful sentencing, he is essentially arguing that a substantively lawful sentence was imposed by way of a defective procedure, and such claims require preservation. As a result of the lack of preservation, the court was never called upon to clarify its statement as to sentence" (People v Giacchi, 154 AD3d 544, 545 [1st Dept 2017] [citation omitted]). As an alternative holding, we find that defendant's assertion that the court believed it was legally required to impose consecutive sentences rests on a speculative inference from the court's remarks. In any event, "remand for resentencing is unwarranted because the record fails to indicate any possible harm flowing from the court's alleged error" (id.).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK