People v Burgess (2019 NY Slip Op 09364)





People v Burgess


2019 NY Slip Op 09364


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10642 2024/16

[*1] The People of the State of New York, Respondent,
v
Jason Burgess, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at hearing; Ruth Pickholz, J. at nonjury trial and sentencing), rendered May 1, 2017, convicting defendant of 12 counts of criminal possession of a forged instrument in the first degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously reversed, on the law, and the matter remanded for a new suppression hearing and trial.
Both the hearing and trial courts erred in denying defendant's request to cross-examine a police officer regarding allegations of misconduct in a civil lawsuit in which it was claimed, among other things, that this particular officer arrested the plaintiff without suspicion of criminality and lodged false charges against him (see People v Smith, 27 NY3d 652 [2016]). The civil complaint contained specific allegations of falsification by this officer that bore on his credibility at both the hearing and trial. At each proceeding, this officer was the only witness for the People. We find that the error was not harmless (see People v Robinson, 154 AD3d 490 [1st Dept 2017], lv denied 30 NY3d 1108 [2018]), and the People's arguments to the contrary are unavailing.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK