The People of the State of New York, Respondent, 
against
Oumar Sidibe, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court




of the City of New York, New York County (Anthony J. Ferrara, J.), rendered November 7, 2013, after a jury trial, convicting him of attempted assault in the third degree, and imposing sentence.
Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.), rendered November 7, 2013, affirmed.
The court properly admitted as excited utterances the Spanish-speaking victim's statements to a responding police officer, that were translated to the officer by a bystander (see generally People v Johnson, 1 NY3d 302 [2003]). The victim's statements that she had been "assaulted by her husband," who "punched her in the chest," grabbed her arm, and "threatened to kill her," clearly were precipitated by an event that was startling and traumatic to her. The victim's demeanor, described by the officer as crying, "very frantic," and visibly upset, indicated that the statements were uttered under the influence of the stress of the incident (see People v Johnson, 129 AD3d 486 [2015], lv denied 26 NY3d 1089 [2015]), not under the impetus of studied reflection (see People v Edwards, 47 NY2d 493, 497 [1979]). Since the statements were properly determined to be excited utterances, they did not constitute improper bolstering (see People v Miller, 115 AD3d 1302, 1304 [2014] lv denied 23 NY3d 1040 [2014]).
Defendant's claim that the court's interested witness charge was improper is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The court's charge, viewed as a whole, was balanced and did not shift the burden of proof or undermine the presumption of innocence (see People v Agosto, 73 NY2d 963, 967 [1989]; People v Blake, 39 AD3d 402, 403 [2007], lv denied 9 NY3d 873 [2007]). With appropriate limitations, as here, a defendant's particular interest in the outcome of a case is "a matter properly to be suggested by the court to the jury" (People v Boone, 146 AD3d 458, 460 [2017], lv denied 29 NY3d 1029 [2017], quoting Reagan v United States, 157 US 301, 305 [1895]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 30, 2020