People v Conner (2020 NY Slip Op 03200)





People v Conner


2020 NY Slip Op 03200


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


11621 970/16

[*1] The People of the State of New York, Respondent,
v
Michael Conner, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), and Milbank LLP, New York (Emily Scarisbrick of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered May 10, 2017, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously reversed, on the law, and the matter remanded for a trial.
The trial court erred in denying defendant's request to cross-examine a police Sergeant regarding allegations of misconduct in a civil lawsuit in which it was claimed that this police Sergeant and a police detective arrested the plaintiff without suspicion of criminality and lodged false charges against him (see People v Smith, 27 NY3d 652 [2016]). The civil complaint contained allegations of falsification specific to this officer (and another officer), which bore on his credibility at the trial.
Contrary to the People's allegations, the error was not harmless. The police sergeant's credibility was critical because he was the only eyewitness to the crime (see People v Burgess, 178 AD3d 609 [1st Dept 2019]; People v Holmes, 170 AD3d 532, 533-34 [1st Dept 2019]; People v Robinson, 154 AD3d 490, 491 [1st Dept 2017], lv denied 30 NY3d 1108 [2018]). Although the sergeant's testimony was corroborated by other evidence, none of this corroborating evidence was sufficient, on its own, to prove defendant's guilt, as all of it relied on the sergeant's testimony for context.
The verdict was not against the weight of the evidence. We find it unnecessary to reach any other issue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK