People v Robinson (2021 NY Slip Op 05931)





People v Robinson


2021 NY Slip Op 05931


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Ind No. 4407/12 3205/13 Case Nos. 2018-2557 2018-2697 Appeal No. 14517-14517A

[*1]The People of the State of New York, Respondent,
v
John Robinson, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nathan Shi of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at jury trial; Neil E. Ross, J. at sentencing), rendered April 2, 2018, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed. Judgment of resentence, same court and date (Ross, J.), resentencing defendant, upon remand from this Court (154 AD3d 490 [1st Dept 2017], lv denied 30 NY3d 1108 [2018]), to a concurrent term of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the prison component of the sentence to 6 years, and otherwise affirmed.
The verdict convicting defendant of third-degree possession on the 2012 indictment was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant intended to sell the drugs found in his possession at the time of his arrest (see e.g. People v Paisley, 262 AD2d 161 [1st Dept 1999], lv denied 93 NY2d 1024 [1999]). An officer saw defendant engage in interactions with several people that were suggestive of drug sales, and then saw him give an object to another person in exchange for money, whereupon the police recovered drugs from that person.
We find the resentence on the 2013 indictment excessive to the extent indicated.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021