People v Alvarez (2022 NY Slip Op 03349)





People v Alvarez


2022 NY Slip Op 03349


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 


Ind. No. 5347/15 Appeal No. 15835-15835A Case No. 2017-02554, 2018-1139 

[*1]The People of the State of New York, Respondent,
v
Raul Alvarez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered March 24, 2017, convicting defendant, after a jury trial, of assault in the third degree, two counts of aggravated criminal contempt and six counts of criminal contempt in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years; and order, same court and Justice, entered on or about January 15, 2021, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
After a hearing, the court correctly denied defendant's motion to vacate the judgment. Defendant did not establish a violation of McCoy v Louisiana (584 US &mdash, 138 S Ct 1500 [2018]), because he failed to prove by a preponderance of the evidence that he insisted at trial that his attorney refrain from admitting guilt of third-degree assault and the accompanying contempt charges. There is no basis for disturbing the court's credibility determinations. The attorney made these strategic concessions in a successful effort to prevent his client from being convicted of second-degree assault, which would have resulted in a life sentence as a persistent violent felony offender. Although, at various stages of the case, defendant asserted his complete innocence of all charges, he has not established that he ever made an "express objection" (id. at 1511) to any concession of partial guilt, and counsel was not obligated to obtain defendant's express consent (see Florida v Nixon, 543 US 175, 189 [2004]).
Defendant did not preserve his challenge to the court's interested witness charge, which followed the Criminal Jury Instructions, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see e.g. People v Boone, 146 AD3d 458, 460 [1st Dept 2017], lv denied 29 NY3d 1029 [2017]).
Defendant is not entitled to a new trial based on the People's impeachment use of the existence (but not the facts) of his 2016 burglary conviction, which was subsequently reversed on appeal, because there is no reasonable possibility that the use of this conviction contributed to the verdict (see People v Robinson, 154 AD3d 490, 491-92 [1st Dept 2017], lv denied 30 NY3d 1108 [2018]). Defendant was impeached by way of additional convictions, and there was overwhelming evidence that contradicted his testimony and established his guilt.
Likewise, defendant is not entitled to be resentenced. Unlike the situation in
Robinson (id.), defendant has not established that the later-reversed conviction influenced his sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022