People v Woods (2024 NY Slip Op 02260)

People v Woods

2024 NY Slip Op 02260

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Ind. No. 828/08 Appeal No. 2135-2135A Case No. 2014-1759 

[*1]The People of the State of New York, Respondent,
v
Travis Woods, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgments, Supreme Court, New York County (Bruce Allen, J.), rendered January 22, 2009 and September 9, 2013 as amended September 20, 2013, convicting defendant, after the first of two separate jury trials, of conspiracy in the fourth degree, criminal sale of a controlled substance in or near school grounds, and criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 9 years and also convicting him, after the second trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
At defendant's first trial, the court did not violate CPL 310.30 when it failed to inform defendant of the jury note requesting the shell casings recovered from the crime scene. The note required only the ministerial act of sending a trial exhibit to the jury, which did not implicate the requirements of People v O'Rama (78 NY2d 270 [1991]) (see People v Snipes, 178 AD3d 405, 406 [1st Dept 2019], lv denied 34 NY3d 1163 [2020]). As to the court's handling of the two jury notes requesting readbacks of witness testimony, the record is insufficient to establish compliance with CPL 310.30 (see People v Parker, 32 NY3d 49, 60-61 [2018]; People v Diaz, 150 AD3d 538, 538 [1st Dept 2017]). Nevertheless, because the notes pertained solely to the counts of which defendant had been acquitted, reversal is unwarranted (see People v Silva, 24 NY3d 301 n 2 [2014]; People v Walston, 23 NY3d 986, 990 [2014]).
The inadvertent submission of extra record materials to the jury during deliberations does not warrant reversal. Upon learning of the error, defendant agreed with the court that the two jurors who discovered the materials should be questioned and, after the jurors assured that they did not read the documents and could remain impartial, requested further curative instructions to the full jury, which the court issued. By acquiescing to and requesting a different remedy at trial, defendant waived the remedy he now seeks (see People v Albert, 85 NY2d 851 [1995]; People v Kelly, 11 AD3d 133, 146-147 [1st Dept 2004], affd 5 NY3d 116 [2005]). In any event, there is no indication that the extra record materials, which the jurors did not review and were immediately returned, affected the jury's ability to render a fair verdict (see People v Smith, 187 AD2d 365, 369 [1st Dept 1992]; see also People v Marsden, 130 AD3d 945, 947 [2d Dept 2015], lv denied 26 NY3d 1041 [2015]).
The delay between defendant's third trial, which ended in a mistrial, and the fourth did not violate defendant's right to a speedy trial (see generally People v Taranovich, 37 NY2d 442 [1975]). Although the three-year delay was significant, it was due in large part to the People's good faith attempts to reassess and reinvestigate the case, and to correspond with defense counsel about potential [*2]disposition. Further, the charges against defendant, including the murder charge, were extremely serious, and defendant was already incarcerated in connection with his prior convictions during the entire delay. Moreover, defendant has not shown that the delay impaired his defense.
At the fourth trial, the court's failure to give defendant notice of the jury note asking that a crime scene diagram, which had previously been requested by the jurors and delivered to the jury room, be displayed in the courtroom during readback of witness testimony was not violative of CPL 310.30. The note requested only the ministerial act of providing a trial exhibit (see Snipes, 178 AD3d at 406). The fact that the jury asked that the exhibit be provided in a specific manner did not change the ministerial nature of the request (see People v Mays, 20 NY3d 969, 971 [2012]; People v Cirino, 203 AD3d 1661, 1665 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]).
Defendant's ineffective assistance claims related to counsel's performance during the fourth trial are unreviewable on direct appeal because they involve matters not fully reflected in, or explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). To the extent defendant made a CPL 440.10 motion, the claims raised therein are unreviewable because this Court has denied leave to appeal from the order denying the motion (see People v Jolivert, 223 AD3d 572, 573 [1st Dept 2024]). To the extent the existing record permits review, we find that defendant received effective assistance under both the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
Defendant did not preserve his contention that the court misapprehended that it had the discretion to impose consecutive sentences (see People v Giacchi, 154 AD3d 544, 545 [1st Dept 2017], lv denied 30 NY3d 1105 [2018]; People v Diaby, 172 AD3d 473, 473-474 [1st Dept 2019], lv denied 33 NY3d 1068 [2019]). Defendant "is essentially arguing that a substantively lawful sentence was imposed by way of a defective procedure" (Giacchi, 154 AD3d at 545). We decline to consider the unpreserved claim in the interest of justice. As an alternative holding, we find that, to the extent the court may have been under the mistaken belief that defendant could be subject to consecutive terms and therefore a higher sentencing range, remand for resentencing is unwarranted because the record does not indicate that the court would have sentenced defendant to a lesser term than the one ultimately imposed had it known that concurrent sentences were required (see id.).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024