People v McMurty (2019 NY Slip Op 06899)





People v Mcmurty


2019 NY Slip Op 06899


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


793 KA 15-00238

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL MCMURTY, JR., ALSO KNOWN AS JOHN DOE, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 7, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that he did not validly waive his right to appeal and that the sentence is unduly harsh and severe. The record establishes that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Colon, 122 AD3d 1309, 1309 [4th Dept 2014], lv denied 25 NY3d 1200 [2015]). The valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court