[68 NE3d 60, 45 NYS3d 335]

The People of the State of New York, Appellant, v Jeffrey Bryant, Respondent.

Decided December 20, 2016

**APPEARANCES OF COUNSEL**

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Joshua L. Haber* and *Hilary Hassler* of counsel), for appellant.

*Robert S. Dean, Center for Appellate Litigation*, New York City (*David J. Klem* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed and the judgment of Supreme Court reinstated.

In October 2013, defendant was arrested for his involvement in the theft of 15 luxury cars from parking garages across Manhattan. In May 2014, defendant pleaded guilty to four counts of grand larceny in the fourth degree in full satisfaction of the indictment against him. The court accepted the People's offer of 1 to 3 years' incarceration per count, to run consecutively, resulting in an aggregate term of 4 to 12 years' incarceration.

As relevant to this appeal, at the plea proceeding, the court explained that, by pleading guilty, defendant would be waiving certain rights including: the right to go to trial, the right to cross-examine witnesses, the right to testify, and the right to remain silent. The judge then took defendant's allocution of the crimes. Acknowledging the defense's receipt of the detailed written waiver, the following colloquy occurred:

> "THE COURT: All right. Sir, you understand that also as a part of this you are waiving your right to appeal. You understand that this conviction, or

these convictions will be final, that a court will not review what we have done here, other than some residual rights that remain?

"Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: You have gone over that with your attorney?

"THE DEFENDANT: Yes.

"THE COURT: There is a document entitled waiver of appeal. I see that you executed that document. Do you have any questions about it?

"THE DEFENDANT: No."

The Appellate Division, with one Justice dissenting, found that "defendant's waiver of his right to appeal was invalid" (*People v Bryant*, 137 AD3d 401, 401 [2016]). We disagree.

The allocution in this case was similar in effect to the allocution this Court found sufficient in both *People v Nicholson* (6 NY3d 248 [2006]) and *People v Sanders* (25 NY3d 337 [2015]). Here, the court separately explained to defendant the panoply of rights normally forfeited upon a guilty plea. After ensuring that defendant understood those rights, the judge next had defendant allocute to the facts of the crimes. Only after the allocution did the court turn to the waiver of appeal. During the oral colloquy defendant stated he understood that he was "waiving [his] right to appeal" and "that this conviction, or these convictions will be final, that a court will not review what we have done here." This verbal waiver was accompanied by a detailed written waiver which stated, among other things, that "the right to appeal is separate and distinct from other rights automatically forfeited upon a plea of guilty." Thus, the record sufficiently demonstrates that defendant knowingly and intelligently waived his right to appeal.

Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and judgment of Supreme Court, New York County, reinstated, in a memorandum.