■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE McBRIDE, Appellant. [54 NYS3d 297]—

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered May 1, 2015, as amended June 9, 2015, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, aggravated family offense, and assault in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of five years, unanimously modified, on the law, to the extent of vacating the sentence for the aggravated family offense conviction and remanding to Supreme Court for resentencing on that conviction, and otherwise affirmed.

Defendant made a valid waiver of his right to appeal (*see People v Bryant*, 28 NY3d 1094 [2016]), which forecloses review of his claim that the court improperly denied his request for new counsel (*see People v Doyle*, 82 AD3d 564 [1st Dept 2011], *lv denied* 17 NY3d 805 [2011]).

Regardless of whether defendant made a valid waiver of his right to appeal, we find that the court providently exercised its discretion in denying defendant's application for reassignment of counsel. At the plea proceeding, defendant failed to make specific factual allegations of genuinely serious complaints that would trigger the court's obligation to inquire further (*see People v Porto*, 16 NY3d 93, 100-101 [2010]). Furthermore, the court made reference to recent prior inquiries into defendant's complaints about the same attorney, and it declined to revisit the issue.

The parties agree that defendant should be resentenced on his aggravated family offense conviction because he was absent when, in order to correct an illegality, the court changed the minimum term from 1 year to 1½ years. Concur—Sweeny, J.P., Mazzarelli, Andrias, Moskowitz and Gische, JJ.