■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MEDINA, Appellant. [54 NYS3d 581]—

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered May 20, 2015, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the first degree, and sentencing him to a term of 12 years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [2016]). The court did not conflate the right to appeal with the rights automatically forfeited by pleading guilty; instead, it explained to defendant that as part of his plea bargain, he was agreeing to waive his right to appeal. Furthermore, the oral colloquy was supplemented by a written waiver.

The court also properly also denied his motion to suppress eavesdropping evidence. The warrant application made the type of particularized showing of necessity required by CPL 700.15 (4). The record fails to support defendant's claim that he requested a Darden hearing, and defendant forfeited review of any additional suppression claims left unresolved at the time he pleaded guilty.

Aside from the validity or applicability of defendant's appeal waiver, defendant failed to preserve his claim that the court improperly enhanced his sentence based on his alleged failure to satisfy the conditions of this plea, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that defendant was not deprived of his right to conflict-free counsel at sentencing, and we perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.