The People of the State of New York, Respondent, v Mady Diabate, Appellant. [62 NYS3d 802]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered February 19, 2015, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him to a term of 90 days, concurrent with four years' probation, unanimously affirmed.

Defendant, who contends that his plea was involuntary because the court never advised him that he could be deported as a result of his plea (*see People v Peque*, 22 NY3d 168 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]), has not established that the exception to the preservation requirement set forth in *Peque* (*id.* at 182-183) should apply. The record demonstrates that defendant knew of his potential deportation, by virtue of the notice of immigration consequences served upon him, and the fact that his counsel had "fully discussed" the "immigration aspect" of the case and "gone over all the relevant questions." Review of defendant's unpreserved claim in the interest of justice is unwarranted, because the circumstances of the plea render it highly unlikely that defendant could make the requisite showing of prejudice under *Peque* (*id.* at 198-201) if granted a hearing.

Defendant made a valid waiver of his right to appeal (*see People v Bryant*, 28 NY3d 1094 [2016]), which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence. Concur—Tom, J.P., Renwick, Mazzarelli, Oing and Singh, JJ.