People v McClennon (2018 NY Slip Op 00914)





People v McClennon


2018 NY Slip Op 00914


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


5664 2511/15

[*1]The People of the State of New York, Respondent,
v
Mark McClennon, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered October 14, 2015, convicting defendant, upon his plea of guilty, of perjury in the first degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses his right to challenge his sentence as excessive (see People v Bryant, 28 NY3d 1094 [2016). Regardless of whether defendant validly waived his right to appeal, we find no basis for running his mandatory minimum sentence nunc pro tunc to May 1, 2014, which is the only relief requested on appeal. Defendant's argument that the court "reneged" on its original promise to run the sentence nunc pro tunc to the 2014 date would, if meritorious, go to the issue of voluntariness, but defendant expressly declines any vacatur of the plea. In any event, this claim is without merit because, during the course of the plea proceeding, the court and parties realized that the correct date was May 1, 2015, and defendant's plea was entered after the correction was made.
We also find no basis for changing the nunc pro tunc date in the interest of justice. The May 2015 date gave defendant the proper amount of jail time credit, as the parties agreed, and applying the 2014 date would give defendant an undeserved windfall.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK