The People of the State of New York, Respondent,
Muhammad Terry, Appellant.
Appellate Advocates (Dina Zloczower of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Kings County (Andrew S. Borrok, J.), imposed November 9, 2015, upon his conviction of criminal contempt in the second degree, upon his plea of guilty.




ORDERED that the sentence is affirmed.
On July 23, 2015, the People charged defendant, in a felony complaint, with two counts of criminal contempt in the first degree (Penal Law § 215.51 [b] [v], [vi]), criminal contempt in the second degree (Penal Law § 215.50 [3]), endangering the welfare of a child (Penal Law § 260.10 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). The charges resulted from a physical encounter defendant had had with his nephew, which had violated the terms of an order of protection that had been issued against defendant on his nephew's behalf. On November 9, 2015, pursuant to a negotiated plea and sentencing agreement, defendant, assisted by counsel, pleaded guilty to criminal contempt in the second degree in satisfaction of the accusatory instrument, waived the right to appeal, and was sentenced to three years' probation. As limited by his brief, defendant appeals from the sentence, arguing that the sentence of probation is excessive and should be reduced.
Upon our review of defendant's responses to the court's questions during the plea colloquy and the text of the written appeal waiver form executed by defendant, his counsel, and the court, we find that defendant validly waived his right to appeal (see People v Bryant, 28 NY3d 1094, 1096 [2016]). Such a waiver precludes appellate review of claims that a sentence is excessive (People v Sarner, 158 AD3d 729 [2018]; People v McLeggan, 156 AD3d 903, 903 [2017]).
Accordingly, the sentence is affirmed. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 13, 2018