People v Smith (2018 NY Slip Op 03647)





People v Smith


2018 NY Slip Op 03647


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6630 3191/13

[*1]The People of the State of New York, Respondent,
v
Sean Smith, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Eve Kessler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patrick J. Hynes of counsel), respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered February 5, 2014, convicting defendant, upon his plea of guilty, of two counts of burglary in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 5 to 10 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The court's explanation of the waiver was nearly identical to the colloquy that was upheld by the Court of Appeals in People v Bryant (28 NY3d 1094 [2016). Defendant also signed a detailed written waiver, which clarified that he could not challenge his sentence on appeal as excessive. The waiver forecloses review of his claim relating to presentencing procedure (People v Davis, 145 AD3d 623 [1st Dept 2016], lv denied 28 NY3d 1183 [2017]), and his excessive sentence claim.
Regardless of the validity of defendant's waiver of the right to appeal, we perceive no basis for reducing the sentence, or remanding for resentencing. Defendant did not preserve his claim that his negotiated sentence was improperly based on a presentence report for which he was not interviewed, and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing. We have repeatedly rejected claims similar to defendant's procedural and substantive arguments (see e.g. People v Serrano, 158 AD3d 467, 468 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK