People v Green (2018 NY Slip Op 04661)





People v Green


2018 NY Slip Op 04661


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6955 1801/14

[*1]The People of the State of New York, Respondent,
v
Musin Green, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at suppression hearing; Anthony Ferrara, J. at plea and sentencing), rendered April 1, 2016, as amended June 14, 2016, convicting defendant of attempted rape in the first degree, sexual abuse in the first degree, burglary in the second degree (three counts), attempted burglary in the second degree, possession of burglar's tools and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claims. The court's oral colloquy with defendant concerning the waiver carefully separated the right to appeal from the rights automatically forfeited by a guilty plea, and defendant's responses demonstrated his understanding of the appellate rights he was waiving. The combination of this colloquy and the thorough written waiver that defendant signed after consulting with his attorney met or exceeded the requirements for a valid waiver (see People v Bryant, 28 NY3d 1094 [2016]). We have considered and rejected defendant's remaining arguments concerning the waiver.
Regardless of whether defendant made a valid waiver of his right to appeal, we find that the court properly denied his suppression motion. The record supports the hearing court's findings that the identification procedures were not unduly suggestive and that the statements defendant made after receiving Miranda warnings were sufficiently attenuated from other statements that the court suppressed for lack of such warnings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK