People v Ramirez (2018 NY Slip Op 06324)





People v Ramirez


2018 NY Slip Op 06324


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7169 5024N/14

[*1]The People of the State of New York, Respondent,
v
Benjamin Ramirez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered November 17, 2015, as amended January 30, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of five years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The court's thorough colloquy with defendant satisfied the requirements for a valid waiver (see People v Bryant, 28 NY3d 1094 [2016]). The court did not misstate the scope of the right being waived, or conflate it with the rights automatically forfeited by pleading guilty, and the record does not establish anything defective about the waiver. This waiver forecloses defendant's claims that the sentencing court misperceived its discretion and that the sentence is excessive (see People v Watson, 155 AD3d 553 [1st Dept 2017], lv denied 30 NY3d 1121 [2018]).
Regardless of whether defendant made a valid waiver of his right to appeal, he did not preserve his claim that the court failed to exercise its sentencing discretion (see id.), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The court expressly stated that it was weighing the relevant sentencing considerations, including, but not limited to, the People's position, and that it was exercising its independent discretion.
We also perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK