People v Kelvin N. (2019 NY Slip Op 02174)





People v Kelvin N.


2019 NY Slip Op 02174


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8772 2990N/15

[*1]The People of the State of New York, Respondent,
v
Kelvin N., Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Jeffrey Dellheim of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered March 17, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, adjudicating him a youthful offender and sentencing him to a term of three years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claims. The court's oral colloquy with defendant concerning the waiver separated the right to appeal from the rights normally forfeited upon a guilty plea, and the court specifically explained that defendant would ordinarily have the right to appeal to a higher court, but was giving up that right for a beneficial plea bargain (see People v Bryant, 28 NY3d 1094 [2016]). Furthermore, the oral colloquy was supplemented by a detailed written waiver that also distinguished the right to appeal from the rights forfeited by pleading guilty.
Regardless of whether defendant validly waived his right to appeal, we find that the court properly denied his suppression motion. The police observation of a text message in plain view on an open screen on defendant's phone and the ensuing strip search were both lawful.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK