People v Alfano (2019 NY Slip Op 03510)





People v Alfano


2019 NY Slip Op 03510


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


477 KA 16-02341

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER ALFANO, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered October 18, 2016. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony, and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. The oral plea colloquy, together with the written waiver of the right to appeal executed by defendant, establishes that he knowingly, intelligently, and voluntarily waived his right to appeal, and that he understood that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Livermore, 161 AD3d 1569, 1569 [4th Dept 2018], lv denied 32 NY3d 939 [2018]; People v Moore, 158 AD3d 1312, 1312 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Contrary to defendant's contention, County Court " inquire[d] of defendant whether he understood the written waiver' " and ensured that " he had . . . read the waiver before signing it' " (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]), and the court "was not required to specify during the colloquy which specific claims survive the waiver" (People v Rodriguez, 93 AD3d 1334, 1335 [4th Dept 2012], lv denied 19 NY3d 966 [2012]; see Livermore, 161 AD3d at 1569).
Defendant's remaining contentions are encompassed by his valid waiver of the right to appeal (see generally People v Lopez, 6 NY3d 248, 255-256 [2006]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court