People v LaPorte (2019 NY Slip Op 04117)





People v LaPorte


2019 NY Slip Op 04117


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


5022/14 9458A 465/15 9458

[*1] The People of the State of New York, Respondent,
v
Julian LaPorte, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Susan Epstein of counsel), for appellant.
Julian LaPorte, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Frank Glaser of counsel), for respondent.



Judgments, Supreme Court, New York County (Melissa C. Jackson, J.), rendered November 16, 2015, convicting defendant, upon his pleas of guilty, of burglary in the second degree (six counts), of burglary in the third degree (10 counts), grand larceny in the third degree (two counts), attempted burglary in the second degree, criminal mischief in the third degree, grand larceny in the fourth degree and unauthorized use of a vehicle in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 11 years, unanimously affirmed. Defendant made a valid and enforceable waiver of his right to appeal. The oral colloquy and written waiver, which the court confirmed that defendant had discussed with defense counsel and understood, sufficiently ensured that defendant understood
the rights that he was waiving (see People v Bryant, 28 NY3d 1094 [2016]).
Defendant's valid waiver of his right to appeal forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence.
We have considered the arguments raised in defendant's pro se supplemental brief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK