People v Omaro (2019 NY Slip Op 07288)





People v Omaro


2019 NY Slip Op 07288


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-10324
 (Ind. No. 219/17)

[*1]The People of the State of New York, respondent,
v
Jamal G. Omaro, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (William Garnett, J.), imposed December 22, 2017, upon his plea of guilty, on the ground that the period of post release supervision imposed as part of the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The Supreme Court's statements at the plea allocution improperly suggested that the right to appeal is automatically extinguished upon the entry of a plea of guilty, and there is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to a plea of guilty (see People v Moyett, 7 NY3d 892, 892-893; People v Lopez, 6 NY3d 248, 257; People v Pierre, 165 AD3d 1175). Although the defendant executed a written appeal waiver, the written waiver also failed to establish that the defendant entered into a knowing, intelligent, and voluntary waiver of the right to appeal, as it did not explain the nature of the right to appeal or advise that it was separate and distinct from other rights automatically forfeited upon a plea of guilty (cf. People v Bryant, 28 NY3d 1094, 1096).
Nevertheless, contrary to the defendant's contention, the period of postrelease supervision imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court