People v Henry (2020 NY Slip Op 01280)





People v Henry


2020 NY Slip Op 01280


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


11100 3584/16

[*1] The People of the State of New York, Respondent,
v
Levar Henry, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eleanor J. Ostrow of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered March 27, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 3½ years, unanimously affirmed.
Defendant's unpreserved challenge to the voluntariness of his plea does not fall within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently, and voluntarily made. The isolated phrases in the plea allocution cited by defendant on appeal do not suggest any coercion, in the context of the remainder of the allocution, which unequivocally established that defendant was pleading guilty of his free will.
Defendant made a valid waiver his right to appeal (see People v Bryant, 28 NY3d 1094, 1096 [2016]; see also People v Thomas, __ NY3d __, 2019 NY Slip Op 08545 [2019]), which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the two-year period of postrelease supervision.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK