People v Dajor C. (2020 NY Slip Op 01752)





People v Dajor C.


2020 NY Slip Op 01752


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


182 KA 17-02128

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAJOR C., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an adjudication of the Erie County Court (Thomas P. Franczyk, J.), rendered October 10, 2017. Defendant was adjudicated a youthful offender upon his plea of guilty to assault in the second degree. 
It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.
Memorandum: On appeal from a youthful offender adjudication based upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that he did not validly waive his right to appeal and that the sentence is unduly harsh and severe. The record establishes that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Colon, 122 AD3d 1309, 1309 [4th Dept 2014], lv denied 25 NY3d 1200 [2015]). The valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court