People v Jones (2020 NY Slip Op 04715)





People v Jones


2020 NY Slip Op 04715


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


717 KA 18-01798

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TROY JONES, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 27, 2017. The judgment convicted defendant upon a plea of guilty of attempted robbery in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). He contends that he did not validly waive his right to appeal and that the sentence is unduly harsh and severe.
Contrary to defendant's contention, the waiver of the right to appeal is valid because, during the colloquy, County Court established that the right to appeal was "separate and distinct" from those rights automatically forfeited by pleading guilty (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bryant, 28 NY3d 1094, 1096 [2016]), and did not "utterly mischaracterize[] the nature of the right . . . defendant was being asked to cede" (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US — [Mar. 30, 2020] [internal quotation marks omitted]).
The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court