People v Sanchez (2020 NY Slip Op 05294)





People v Sanchez


2020 NY Slip Op 05294


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Ind No. 1365/15, 5391/15 Appeal No. 11898 Case No. 2018-3977 

[*1]The People of the State of New York, Respondent,
v
Erickson Sanchez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), for appellant.
Cyrus R. Vance, Jr. District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 12, 2016, as amended May 13, 2016, convicting defendant, upon his plea of guilty, of two counts of criminal possession of a controlled substance in the second degree, and sentencing him to concurrent terms of 4 years, unanimously affirmed.
Defendant's challenge to the validity of a search warrant is barred by his execution of a valid appeal waiver. The court's colloquy with defendant concerning the waiver avoided conflating the right to appeal with the rights normally forfeited upon a guilty plea, and it exceeded the minimum standards for such a colloquy (see People v Thomas, 34 NY3d 545 [2019], cert denied US , 206 L Ed 2d 512; People v Bryant, 28 NY3d 1094 [2016]).
Regardless of whether defendant made a valid waiver of his right to appeal, the record supports the motion court's finding that defendant failed to meet his burden of demonstrating that he had a legitimate expectation of privacy in the searched premises (see generally People v Wesley, 73 NY2d 351, 358-359 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020