People v Dilworth (2020 NY Slip Op 07720)





People v Dilworth


2020 NY Slip Op 07720


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Ind No. 106/17 106/17 Appeal No. 12063 Case No. 2018-03781 

[*1]The People of the State of New York, Respondent,
v
Jamal Dilworth, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alma D. Gonzalez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen and Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J. at suppression hearing; Ellen N. Biben, J. at plea; Ann E. Scherzer, J. at sentencing), rendered March 28, 2017, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claims. The court's oral colloquy avoided conflating the right to appeal with the rights normally forfeited upon a guilty plea, and it exceeded the minimum standards for such a colloquy. The record of the plea proceeding, taken together with a detailed written waiver that defendant reviewed with his counsel, and that fully explained the appellate rights defendant was giving up, established that the waiver was knowing, intelligent and voluntary (see People v Thomas, 34 NY3d 545 [2019], cert denied 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]).
Although the court initiated the plea agreement, and imposed the condition of an appeal waiver sua sponte, we do not find that the court thereby "abandoned the role of a neutral arbiter and assumed the function of an interested party" (People v Towns, 33 NY3d 326, 328 [2019]). This case bears little resemblance to Towns, where the judge, acting entirely on his own, obtained a witness for the prosecution by negotiating a cooperation agreement with a codefendant.
Defendant also cites to People v Sutton (184 AD3d 236, 241 [2d Dept 2020], lv denied 35 NY3d 1070 [2020]), in which our colleagues in the Second Department held that a court-initiated appeal waiver was invalid where the court had accepted defendants' plea and made its sentence promise before requiring an appeal waiver and without setting forth on the record a reason for requiring the waiver. This Court has not adopted the Second Department's requirement that the court articulate a reason for requiring a plea waiver in a court-initiated plea proceeding. Even if we were to do so, it would not change the result in this case. Unlike in Sutton, the court which took defendant's plea included the appeal waiver in the plea offer prior to accepting defendant's plea, explaining that the sentence offered benefitted defendant because it was "the minimum, it's after hearing, and it's lower than what's ever been offered." Accordingly, this case is distinguishable from Sutton.
Regardless of whether defendant validly waived his right to appeal, we find that the record supports the hearing court's stated grounds for denying suppression, in light of the Court of Appeals' recent decision in People v Pena (_NY3d_, 2020 NY Slip Op 06836 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020