People v Aguero (2021 NY Slip Op 02254)





People v Aguero


2021 NY Slip Op 02254


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Kapnick, J.P., Kern, Singh, Scarpulla, JJ. 


Ind No. 0164/19 Appeal No. 13564 Case No. 2019-03414 

[*1]The People of the State of New York, Respondent,
v
David Aguero, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher Michael Pederson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered April 29, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of 2&frac13; to 7 years, unanimously modified, on the law, to the extent of vacating the mandatory surcharge and crime victim assistance fee, and otherwise affirmed.
The court made a proper youthful offender determination, on the merits, in full compliance with People v Rudolph (21 NY3d 497 [2013]). The record does not support defendant's argument to the contrary.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied __ US __, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of his excessive sentence claim and his challenge to the denial of youthful offender treatment. Regardless of whether defendant validly waived his right to appeal, the court providently exercised its discretion in denying YO treatment, given the seriousness of the underlying crime, in which defendant shot a rival gang member. We also perceive no basis for reducing the sentence.
As the People concede, because defendant is a juvenile offender, the surcharge and fee did not apply.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021