People v Patterson (2021 NY Slip Op 05175)





People v Patterson


2021 NY Slip Op 05175


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Ind No. 1261/18 Appeal No. 14236 Case No. 2019-04905 

[*1]The People of the State of New York, Respondent,
v
Marvin Patterson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Barry E. Warhit, J. at plea; Steven M. Statsinger, J., at sentencing), rendered July 26, 2019, as amended January 22, 2020, convicting defendant of attempted burglary in the first degree, criminal contempt in the first degree and tampering with a witness in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of eight years, unanimously affirmed.
Defendant waived and/or forfeited his right to be present at sentencing (see People v Sanchez, 65 NY2d 436, 443-444 [1985]; People v Halls, 85 AD3d 632, 633 [1st Dept 2011] lv denied 17 NY3d 859 [2011]). The record demonstrates that while being arraigned for sentencing defendant insisted on leaving, and then walked out of the courtroom after the court asked him if would like to say anything prior to sentencing. Furthermore, the court immediately announced that sentencing would proceed in defendant's absence, and the record does not establish that defendant had already left the courtroom when the court made that statement. In any event, under these circumstances defendant was not entitled to such a warning (see id.).
The sentencing court providently exercised its discretion in denying defendant's motion to withdraw his plea, without granting a hearing. "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). Defendant's written motion, upon which he did not seek to expand, made claims that were either conclusory or incredible, and nothing in the record casts any doubt on the voluntariness of the plea (see e.g. People v Cicio, 157 AD3d 651, 651 [1st Dept 2018] lv denied 31 NY3d 982 [2018]). Moreover, defendant was represented by new counsel, who did not adopt the motion.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of his excessive sentence claim. Regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021