People v Guerrero (2021 NY Slip Op 06773)





People v Guerrero


2021 NY Slip Op 06773


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Ind No. 2301/17 Appeal No. 14727 Case No. 2019-5174 

[*1]The People of the State of New York, Respondent,
v
Denny Guerrero, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered April 2, 2019, as amended April 9, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and conspiracy in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The court's oral colloquy, which sufficiently distinguished the right to appeal from the trial rights automatically forfeited by a guilty plea, taken together with a detailed written waiver that fully explained the appellate rights defendant was giving up, established that the waiver was knowing, intelligent, and voluntary (see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]). Defendant acknowledged that he read and understood the written waiver, and to the extent there was any ambiguity in the oral colloquy concerning the scope of the right being waived, it was resolved by the written waiver (see People v Wolfe, 189 AD3d 633 [1st Dept 2020], lv denied 36 NY3d 1101 [2021]). The Court of Appeals has recently reiterated that "the voluntary waiver of the CPL 710.70 right to appellate review of a suppression ruling can be a condition of the plea bargain" (Thomas, 34 NY3d at 565), and defendant's policy argument regarding waiver of suppression issues is unavailing. Defendant's waiver forecloses review of his suppression and excessive sentence claims.
Regardless of whether defendant made a valid waiver of his right to appeal, we find that the record supports the hearing court's suppression ruling. We also perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021