People v Ruperto (2021 NY Slip Op 07069)





People v Ruperto


2021 NY Slip Op 07069


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Ind No. 3522/2015 Appeal No. 14864 Case No. 2018-2585 

[*1]The People of the State of New York, Respondent,
v
Girael Ruperto, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Katrina Jean Myers of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Reva Grace Phillips of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered May 4, 2018, convicting defendant, upon his plea of guilty, of robbery in the second degree as a hate crime, and sentencing him, as a second felony offender, to a term of 10½ years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 561-562 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), thereby foreclosing review of his suppression and excessive sentence claims. To the extent the court's oral colloquy could be viewed as suggesting that defendant was waiving all appellate rights, any ambiguity was resolved by the written waiver (see People v Ramos, 7 NY3d 737 [2006]; People v Wolfe, 189 AD3d 633 [1st Dept 2020], lv denied 36 NY3d 1101 [2021]), because it contained "clarifying language . . . that appellate review remained available for certain issues, . . . indicating, therefore, that the right to take an appeal was retained" (Thomas, 34 NY3d at 564). Defendant acknowledged that he discussed the written waiver with his attorney and understood it.
In any event, we find that the court properly denied defendant's motion to suppress lineup identifications. The lineup was not unduly suggestive (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]; People v Dabdaub, 186 AD2d 481 [1st Dept 1992], lv denied 81 NY2d 787 [1993]), and defendant's suppression arguments are unpersuasive. We also perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2021