People v King (2022 NY Slip Op 04130)

People v King

2022 NY Slip Op 04130

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Ind. No. 194/17 Appeal No. 16220 Case No. 2020-00421 

[*1]The People of the State of New York, Respondent,
v
Daquan King, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Nicholas Raskin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J. at suppression hearing; Barry E. Warhit, J. at plea and sentencing), rendered May 29, 2019, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 17 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094 [2016]). The plea court neither conflated the right to appeal with the rights forfeited by pleading guilty nor mischaracterized the appellate rights defendant would retain notwithstanding the waiver. Moreover, defendant expressly acknowledged that he had consulted with counsel and knew which appellate rights he would be either waiving or keeping. This waiver precludes defendant's suppression and excessive sentence claims.
In the alternative, we find that each of defendant's appellate arguments is unavailing. The record supports the hearing court's findings that defendant was not arrested in violation of Payton v New York (445 US 573 [1980]), but rather was arrested after he voluntarily came out of his mother's home accompanied by her. Alternatively, we would find that defendant's statement was in any event attenuated from any illegality; and, that defendant did not unequivocally assert his right to remain silent nor did he request counsel, requiring that all further questioning cease. Finally, we perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022