People v Kirlew (2024 NY Slip Op 05413)

People v Kirlew

2024 NY Slip Op 05413

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ.

Ind No. 1310/21 Appeal No. 2949 Case No. 2023-03771 

[*1]The People of the State of New York, Respondent,
v
Eli Kirlew, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered June 9, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years followed by two years of postrelease supervision, unanimously affirmed.
Defendant knowingly, intelligently and voluntarily waived his right to appeal. The written waiver of the right to appeal, which counsel reviewed with defendant, was executed at the beginning of the proceeding. It is not dispositive that the court conducted its oral colloquy only after defendant's allocution (see e.g. People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Nunez, 220 AD3d 597, 598 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). Defendant's valid waiver of his right to appeal forecloses review of his Second Amendment claim (see People v Johnson, 225 AD3d 453, 453-454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]).
Moreover, defendant did not preserve his claim that Penal Law § 265.03(3) is unconstitutional in light of the Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US , 142 S Ct 2111 [2022]) (see People v Cabrera, 41 NY3d 35, 42 [2023]; People v Adames, 216 AD3d 519, 5190 [1st Dept 2023], lv denied 40 NY3d 949 [2023]), and we decline to review his claim in the interest of justice.
As an alternative holding, we find that on the present record, defendant lacked standing to challenge New York's gun licensing scheme because he did not apply for a gun license (see Johnson, 225 AD3d at 455; United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). He also has failed to establish that his conviction is unconstitutional under Bruen (see People v DeLarosa, 219 AD3d 1230 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]; Adames, 216 AD3d at 520).
Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim (People v Jackson, 225 AD3d 547, 548 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]). In any event, we perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024