People v Kadriu (2025 NY Slip Op 01389)

People v Kadriu

2025 NY Slip Op 01389

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-04576
2022-04577

[*1]The People of the State of New York, respondent,
v
Driton Kadriu, appellant. (Ind. Nos. 121/20, 112/21)

Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Richmond County (Mario F. Mattei, J.), both imposed May 6, 2022, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Downing, 233 AD3d 965, 966), the record reflects, inter alia, that the defendant was aware of the People's demand for an appeal waiver, he discussed the appeal waiver with his attorney before pleading guilty, and he signed a written appeal waiver in open court. Contrary to the defendant's contentions, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crimes did not render the appeal waiver invalid (see People v Bryant, 28 NY3d 1094, 1095; People v Downing, 233 AD3d at 966). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d at 253; People v Florio, 179 AD3d 834, 835).
IANNACCI, J.P., GENOVESI, DOWLING, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court