People v Del Campo (2025 NY Slip Op 02418)

People v Del Campo

2025 NY Slip Op 02418

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Ind No. 70496/23|Appeal No. 4159|Case No. 2023-04813|

[*1]The People of the State of New York, Respondent,
v
Juan Del Campo, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kevin Arturo Peterson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Audrey E. Stone, J.), rendered August 23, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to a five-year term of probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
The record demonstrates that defendant had "a full appreciation of the consequences" of the waiver of the right to appeal, and that the waiver was voluntary under the "totality of the circumstances" (People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]; People v Williams, 227 AD3d 480, 481 [1st Dept 2024] [internal quotation marks omitted], lv denied 42 NY3d 1022 [2024]). "It is not dispositive that the court conducted this [appeal waiver] colloquy only after defendant's allocution" (People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]; see also People v Bryant, 28 NY3d 1094, 1096 [2016]). To the extent there was any ambiguity whether the waiver precluded a challenge to the illegality of the sentence, the court clarified that the appeal waiver did not apply to such a claim in its colloquy, and the written waiver reiterated the same (see e.g. People v Ramos, 7 NY3d 737, 738 [2006]).
In any event, we perceive no basis for reducing the sentence.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025