People v Berry (2025 NY Slip Op 05926)

People v Berry

2025 NY Slip Op 05926

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Ind. No. 70894/23|Appeal No. 5044|Case No. 2024-01273|

[*1]The People of the State of New York, Respondent,
v
Ralph Berry, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Audrey E. Stone, J.), rendered January 12, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of probation of five years, unanimously affirmed.
Defendant made a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094 [2016]), which forecloses his claim that his sentence is excessive. In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the condition of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" under Penal Law § 65.10(1) as unrelated to his rehabilitation is an issue that "implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Thus, "it survives [his] waiver of the right to appeal and does not require preservation for appellate review" (Alvarez, 233 AD3d at 620; see People v Hakes, 32 NY3d 624, 628 n 3 [2018]). Nevertheless, where defendant was found in possession of a loaded gun and ammunition, and given the Department of Probation's concerns that defendant was "engaging in disreputable behavior with the potential for dangerous consequences that poses a potential risk to public safety," the court providently concluded that this condition was "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]; see People v Letterlough, 86 NY2d 259, 263 [1995]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]).
Defendant's valid waiver of his right to appeal forecloses review of his constitutional challenges to the probation condition (see Lowndes, 239 AD3d at 575; People v Johnson, 225 AD3d 453, 454-455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). In addition, his constitutional claims are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; Lowndes, 239 AD3d at 575). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025