People v Perdomo (2025 NY Slip Op 07342)

People v Perdomo

2025 NY Slip Op 07342

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

SCI No. 74153/23|Appeal No. 5459|Case No. 2023-05396|

[*1]The People of the State of New York, Respondent,
v
Neil Perdomo, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Laurie Peterson, J., at plea, and Marisol Martinez Alonso, J., at sentencing), rendered October 17, 2023, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a jail term of six months and five years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay the surcharge and fees imposed at sentencing as a condition of his probation, and otherwise affirmed.
Defendant's waiver of the right to appeal was valid (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094 [2016]), which forecloses his claim that his sentence is excessive. In any event, we perceive no basis for reducing the sentence.
The court providently imposed, as a condition of probation, a requirement that defendant "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and do not consort with disreputable people." Defendant's offense involved him brandishing and firing a gun, while, per his own admission, under the influence of alcohol and drugs. This condition would reasonably assist defendant in leading a law-abiding life, given his admission of gang affiliation, substance abuse, and expressed desire to change his life and "benefit from his impending probation term" (see Penal Law §§ 65.10[1],[2]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]). Defendant's constitutional challenges to this provision are unpreserved (see People v Cabrera, 41 NY3d 53, 42 [2023]), and we decline to reach them in the interest of justice.
However, the sentencing court improperly imposed, as a condition of probation, a requirement of payment of the surcharge and other fees imposed at sentencing, as it is not reasonably related to defendant's rehabilitation or necessary to ensure that he will lead a law-abiding life (see People v Wood, 239 AD3d 484, 484 [1st Dept 2025]; People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). Given that we are vacating this condition, we need not decide whether it conflicts with CPL 420.35(1). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025