People v Haynie (2021 NY Slip Op 00505)





People v Haynie


2021 NY Slip Op 00505


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Ind No. 1932/16 1932/16 Appeal No. 12983 Case No. 2019-2954 

[*1]The People of the State of New York, Respondent,
v
James Haynie, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered December 7, 2016, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony drug offender, to concurrent terms of six years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]). The court's colloquy with defendant, taken together with a detailed written waiver, established that the waiver was knowing, intelligent and voluntary (see People v Thomas, 34 NY3d 545 [2019], cert denied US, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]; see also People v Dilworth, AD3d_, 2020 NY Slip Op 07720 [1st Dept 2020]). Nothing in the record suggests that the waiver was coerced, or that it was not a condition of the People's agreement to the plea bargain. To the extent that defendant argues that the People were not party to the plea agreement, we note that their consent is presumed by the fact that defendant did not plead to the full indictment (see CPL 220.10 [4][a]). Defendant's waiver forecloses review of his suppression-related and excessive sentence claims, and any challenges to a forfeiture agreement on grounds other than voluntariness.
Regardless of whether defendant made a valid waiver of his right to appeal, we have reviewed confidential materials and find that defendant's claims regarding the issuance of a search warrant and related matters are unavailing. We also perceive no basis for reducing the sentence. Defendant did not preserve his challenges to a protective order and an agreed-upon forfeiture, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021