People v Myke (2024 NY Slip Op 05991)

People v Myke

2024 NY Slip Op 05991

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-02041
 (Ind. No. 604/20)

[*1]The People of the State of New York, respondent,
v
Hasarn Myke, appellant.

Arza Feldman, Manhasset, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Cacace, J.), rendered January 25, 2022, convicting him of attempted assault in the first degree as a sexually motivated felony, attempted assault in the first degree, sexual abuse in the first degree, assault in the second degree as a sexually motivated felony, assault in the second degree (two counts), and unlawful imprisonment in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea was not knowing, voluntary, and intelligent is unpreserved for appellate review because he did not move to withdraw the plea on this ground prior to the imposition of sentence or otherwise raise the issue before the County Court (see CPL 220.60[3]; People v Peque, 22 NY3d 168, 182; People v Munoz-Zuleta, 229 AD3d 641, 642). In any event, the defendant's contention is without merit.
Contrary to the defendant's contention, he validly waived his right to appeal (see People v Bryant, 28 NY3d 1094, 1095-1096; People v Sanders, 25 NY3d 337, 339-340). The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the sentence imposed was excessive and constituted cruel and unusual punishment (see People v Lopez, 6 NY3d 248, 256; People v Esson, 225 AD3d 786, 787).
The defendant's remaining contention is without merit.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court