People v Fennell (2025 NY Slip Op 00980)

People v Fennell

2025 NY Slip Op 00980

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-03335
 (Ind. No. 71622/22)

[*1]The People of the State of New York, respondent,
v
Tiequinn Fennell, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Ruth Reid on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (John T. Hecht, J.), imposed March 27, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record reflects that the defendant's waiver of his right to appeal was knowing, voluntary, and intelligent (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although much of the discussion of the waiver of the right to appeal took place after the defendant admitted his guilt, the defendant, through counsel, acknowledged that the waiver of the right to appeal was a component of the plea agreement prior to the defendant pleading guilty and admitting his guilt. Thus, it cannot be said that the defendant "received no material benefit from his appeal waiver" or that the waiver "was a gratuitous, after-the-fact . . . demand asserted after the bargain had already been struck" (People v Sutton, 184 AD3d 236, 245; see People v Bryant, 28 NY3d 1094, 1095-1096; People v Williams, 227 AD3d 480, 481). Based upon the Supreme Court's explanation of the right to appeal and the waiver, the fact that the defendant acknowledged signing and understanding the written appeal waiver, and considering the defendant's age, experience, and background, the waiver was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264). Accordingly, the defendant's valid waiver of his right to appeal precludes appellate review of his excessive sentence claim.
BRATHWAITE NELSON, J.P., WOOTEN, FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court