People v Cordero (2025 NY Slip Op 03538)

People v Cordero

2025 NY Slip Op 03538

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Ind. No. 1042/19|Appeal No. 4552|Case No. 2022-04348|

[*1]The People of the State of New York, Respondent,
v
Juan Cordero, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Alexandra Ricks of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marsha D. Michael, J. at speedy trial motion and motion to reargue; Dineen A. Riviezzo, J. at motion to dismiss, plea, and sentencing), rendered September 28, 2022, convicting defendant of criminal possession of a firearm, and sentencing him to a term of 1½ to 3 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see generally People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The court did not conflate the trial rights that defendant was automatically forfeiting by pleading guilty with the waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]). The court was also not required to enumerate every waived claim, including the statutory speedy trial and Second Amendment claims (see People v Evans, 59 AD3d 216, 216 [1st Dept 2009], lv denied 12 NY3d 816 [2009]). Moreover, the written waiver explaining many of those issues, including the right to counsel on appeal, and defendant's acknowledgement that he had discussed the waiver with counsel, establishes that he had been adequately apprised of the nature of the appellate rights waived (see People v Williams, 227 AD3d 480, 481 [1st Dept 2024], lv denied 42 NY3d 1022 [2024]). It is not dispositive that the court conducted this colloquy only after defendant's allocution (see e.g. People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Nunez, 220 AD3d 597, 598 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]), where, as here, the record establishes that defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]).
Defendant's valid appeal waiver forecloses review of his statutory speedy trial claim (People v Merchant, 209 AD3d 453, 453 [1st Dept 2022], lv denied 39 NY3d 987 [2022]).
The valid waiver also forecloses review of his Second Amendment claims (People v Velardo, 228 AD3d 520, 520 [1st Dept 2024], lv denied 42 NY3d 930 [2024]). As an alternative holding, we find that on the present record, defendant lacked standing to challenge New York's gun licensing scheme because he did not apply for a gun license (see United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]) and that he has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025